JANIE C. SUDER *v.* JOHN SUDER

(No. 7415)

Submitted October 26, 1932. Decided November 1, 1932.

*Wm. T. George,* for appellant.

HATCHER, PRESIDENT:

In this suit the trial court granted the defendant a divorce on his cross-bill charging adultery, and awarded him the custody of his three children. The plaintiff submits to the divorce, but contests the disposal of the children.

The evidence on the charge of the wife's adultery is subject to enough suspicion to prevent our denying the mother's plea because of that charge alone.

The plaintiff and a daughter, eleven years old, testified that defendant has a violent temper, that he uses the coarsest language, and that he was exacting, inconsiderate and cruel to his family. He denied that testimony; but he was found guilty by a justice of beating the plaintiff, and a neighbor observed bruises on the child's body which it and plaintiff testified were inflicted by defendant. He is subject to epileptic fits which perhaps account for his unfortunate disposition. Besides being temperamentally unfit to rear the children, he has no definite plan of caring for them. In his deposition, he said that if awarded them he would more than

likely go to housekeeping (on his farm) with a hired housekeeper if he could get one who would treat the children right and *it paid him to do it;* otherwise he might "batch" with the children. He said, "I ain't to say just sure what I might do. I might do it and I might not."

Following the domestic rupture, the plaintiff took the children to the home of her parents, where they have been ever since. The undisputed testimony shows that the children are welcome, are properly and lovingly cared for, and are sent to a convenient school. Having the welfare of the children first in mind, it would not be considerate to disrupt the present arrangement for the indefinite proposal of the father—even were he a fit person.

The custody of the children is accordingly awarded to the plaintiff and the decree of the lower court is reversed in that respect. The defendant, however, shall have the right of reasonable visitation. The cause is remanded with direction to the circuit court to require of defendant a reasonable contribution towards the support of the children.

*Reversed in part and remanded.*